**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE FRANCISCO VASQUEZ-TORREZ,

    Defendant - Appellant.

No. 18-2140
(D.C. No. 2:18-CR-01951-TM-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **O'BRIEN**, and **EID**, Circuit Judges.
_____

After accepting a plea agreement that included a waiver of his right to appeal, Jose Francisco Vasquez-Torrez pleaded guilty to illegal reentry to the United States in violation of 18 U.S.C. § 1326. Vasquez-Torrez's plea agreement contained a broad waiver of his appellate rights. He was sentenced to ten months' imprisonment.

Despite his waiver, Vasquez-Torrez has filed a notice of appeal in which he seeks to appeal his conviction and sentence. The government moves to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Vasquez-Torrez's counsel says that he advised his client "and understands that he waived

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his right to appeal in this case." Resp. at 2. Accordingly, counsel does not oppose the motion to enforce. We gave Vasquez-Torrez the opportunity to file a pro se response, but the deadline for doing so has passed without any response.

We review the government's motion under the three-prong analysis adopted in *Hahn*, which requires us "to determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

The plea agreement contains a broad waiver of appellate rights:

> The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution, that is consistent with this agreement.

Mot. to Enforce, Ex. 1 (Plea Agmt.) at 7.

First, Vasquez-Torrez's appeal is within the scope of the waiver. Specifically, the ten-month sentence was under the statutory maximum authorized by law. Second, the waiver was knowing and voluntary as reflected in both the plea agreement and colloquy at the plea hearing. Last, there is no indication in the record that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce the waiver is granted, as is the motion to withdraw as counsel. The appeal is dismissed.

Entered for the Court
Per Curiam

2